IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN WHELAN, individually and on behalf of those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BDR THERMEA, et al.,<br><br>    Defendants. | No. C -11-02146 EDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MILES INDUSTRIES' MOTION TO DISMISS** |

    Plaintiff Sean Whelan brought this putative class action case on behalf of consumers who purchased a fireplace, or purchased a home with a fireplace, that was developed, designed, manufactured, assembled tested, marketed, promoted, advertised, sold and/or distributed by Defendants BDR Thermea, Baxi Group and Miles Industries since at least 1986. Defendant Miles Industries ("Defendant"), which allegedly designed, manufactured and sold the fireplace, filed a motion to dismiss Plaintiff's complaint. On October 25, 2011, the Court held a hearing on Defendant's motion to dismiss. During that hearing, the Court ordered the parties to meet and confer regarding the scope of the class, including whether the state law claims would apply to non-resident class members. The parties responded to these issues in a letter dated November 18, 2011 and in their joint case management conference statement filed on December 6, 2011. In the case management conference statement, Defendant withdrew the portion of its motion to dismiss based on the argument that California state law could not be asserted on behalf of proposed class members who are not California residents or did not purchase their fireplaces in California. Therefore, the Court does not address that argument in this Order. For the reasons stated at the hearing and in this Order, Defendant's motion is granted in part and denied in part.

**Background**

Plaintiff seeks certification of the class consisting of:

> All consumers who are residents of the United States and who own homes or other residential dwellings in which one or more Valor brand direct vent, sealed glass front gas fireplaces were installed.

Second Am. Compl. ¶¶ 2, 30. Plaintiff believes that the class consists of more than 10,000 members. Second Am. Compl. ¶ 31. Plaintiff alleges that Defendants are the developers, designers, manufacturers, assemblers, testers, inspectors, marketers, advertisers, distributors and sellers of the Valor brand fireplaces at issue in this case. Second Am. Compl. ¶ 8.

Plaintiff alleges that Defendants offered the fireplaces for distribution and sale with the specific intention that the fireplaces would be installed by builders and others in homes throughout the United States. Second Am. Compl. ¶ 15. Plaintiff alleges that Defendant represented that the fireplaces were safe, of merchantable quality, fit for their intended and reasonably foreseeable uses, and had sufficient protections and warnings regarding potential dangers and hazards which reasonable consumers would expect and assume to be provided in order to make a decision as to whether to purchase one. Second Am. Compl. ¶ 15. Plaintiff alleges that Defendants failed to disclose the true facts, including that the fireplaces are dangerous and hazardous given the ability of the unguarded glass sealed front to reach temperatures in excess of 450 degrees Fahrenheit, well in excess of a temperature necessary to cause third degree burns to skin contacting the glass even momentarily. Second Am. Compl. ¶ 16. Specifically, Plaintiff alleges that since at least the late 1990's, Defendants have operated and certified their fireplaces under American National Standards Institute (ANSI) standard ANSI Z21-88. and that the standard provides for taking temperature readings which provide Defendants with a maximum allowable temperature which the exposed front of the fireplace may reach. Second Am. Compl. ¶ 20. Plaintiff alleges that the maximum temperature that the exposed front may reach is 119 degrees Fahrenheit plus ambient room temperature. Comp. ¶ 21. Although the exposed glass portion of the sealed door is exempt from the maximum temperature limit, the surface temperature is tested because of concerns about whether the glass could withstand temperatures generated by the fireplace without shattering. Second Am. Compl. ¶ 21.

Plaintiff alleges that since before 2000, Defendants knew that to pass the required ANSI internal heat-sided glass temperature testing, the exposed, room-sided glass surface under normal operation must read less than 500 degrees Fahrenheit, and that in order to make sure that the final versions of the fireplaces would pass that test, Defendants implemented internal standards, which set a target for the room-sided glass surface at a level that was still unreasonably and dangerously high. Second Am. Compl. ¶ 22. Plaintiff alleges that as a result, Defendants were aware that the room-sided glass temperatures of the fireplaces would obtain approximately 500 degrees Fahrenheit. Second Am. Compl. ¶ 22.

Plaintiff alleges that Defendants did not take any steps to prevent consumers from coming into contact with the room-sided glass surface of the fireplace, and instead marketed their fireplaces as appropriate for installation without any guarding and only a few inches off the ground. Second Am. Compl. ¶ 24. Further, Plaintiff alleges that Defendants did not adequately warn consumers of the high temperatures, but instead buried warnings and instructions in their materials. Second Am. Compl. ¶ 25. In addition, Plaintiff alleges that Defendants did not adequately warn consumers because Defendants believed they would lose sales. Second Am. Compl. ¶ 26.

On or about April 17, 2008, Plaintiff Whelan purchased a Valor brand fireplace, model number 1200EN, from a retail fireplace store in San Francisco. Second Am. Compl. ¶ 27. Plaintiff does not recall receiving a user manual at any time. Second Am. Compl. ¶ 27. He does not recall seeing any warnings about the temperature of the room-facing glass. Second Am. Compl. ¶ 27.

On July 27, 2010, Plaintiff became alarmed about the extreme danger of the glass surface temperature of the fireplace when his eleven month old daughter suffered burns to her hands after touching the surface of the fireplace glass for only a moment. Second Am. Compl. ¶ 28. Plaintiff did not realize until then that the fireplace was as dangerous as it was because it looked like his other appliances such as a dishwasher, oven or microwave, none of which would generate the amount of heat that the fireplace did to cause severe burns. Second Am. Compl. ¶ 28.

**Discussion**

**1.    Diversity jurisdiction**

Defendant argues that Plaintiff has failed to allege any amount in controversy to satisfy 28

3

1  U.S.C. § 1332. Under section 1332(d), a court has exclusive jurisdiction over class actions where
2  the amount in controversy exceeds $5,000,000. The claims of the class members are aggregated to
3  determine whether the amount in controversy exceeds $5,000,000. See Abrego Abrego v. The Dow
4  Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006).

5  Plaintiff concedes that there are no allegations of the amount in controversy in the operative
6  complaint, but argues that the amount in controversy obviously exceeds the statutory amount
7  because there are more than 10,000 class members. Opp. at 3. Because the amount in controversy is
8  a jurisdictional requirement, the Court grants Plaintiff leave to amend the complaint to allege the
9  amount in controversy.

**2. Statute of limitations**

There is no dispute that the statute of limitations for a claim under the Consumer Legal Remedies Act (CLRA) is three years, and for a claim under the unfair competition act (UCL) is four years. See Cal. Civil Code § 1783 ("Any action brought under the specific provisions of Section 1770 shall be commenced not more than three years from the date of the commission of such method, act, or practice."); Cal. Business & Professions Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued. No cause of action barred under existing law on the effective date of this section shall be revived by its enactment."). Plaintiff purchased the fireplace on April 17, 2008 and filed his initial complaint in this case on May 2, 2011. Defendant argues that therefore, the CLRA claims must be dismissed because Plaintiff did not file the complaint within the three-year statute of limitations, and that the CLRA and UCL claims should be dismissed as to any class member who is outside the limitations periods.

To avoid a bar based on the statute of limitations, Plaintiff's complaint appears to rely on the delayed discovery rule, "which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797, 806 (2005). Plaintiff alleges that prior to the injuries to his daughter on July 27, 2010, he "had no knowledge that the hazardous fireplace was anywhere nearly as dangerous as it was." Second Am. Compl. ¶ 28. Further, Plaintiff alleges that: "No reasonable consumer, including [members of] the

4

1  class, in the absence of some specific event like that which Sean Whelan experiences, is likely to
2  discovery or have reason to investigate the unreasonable dangers posed by hazardous fireplaces."
3  Second Am. Compl. ¶ 29. Plaintiff also alleges that he did not recall receiving any user manual and
4  that he did not see anything that "caught his attention" in terms of a warning or instruction regarding
5  the room-facing glass or the burn danger. Second Am. Compl. ¶ 27. He alleges that did not know,
6  nor as it reasonable for him to know, that the fireplace was capable of reaching temperatures
7  hundreds of degrees above that necessary to cause a third degree burn in one second of contact.
8  Second Am. Compl. ¶ 27.

9  It is an unsettled question whether the statute of limitations for the CLRA is tolled by the
10 doctrine of delayed discovery. See, e.g., Purdum v. Holmes, 187 Cal.App.4th 916, 924 (2010)
11 ("Even if Business and Professions Code section 17208 and Civil Code section 1783 applied, the
12 law is unsettled whether they may be tolled for delayed discovery."); but see Massachusetts Mutual
13 Life Ins. v. Superior Court, 97 Cal.App.4th 1282, 1295 (2002) ("As plaintiffs point out, the
14 respective statutes of limitation, Business and Professions Code section 17208 (four years) and Civil
15 Code section 1783 (three years), will probably run from the time a reasonable person would have
16 discovered the basis for a claim."). Thus, Defendant argues that because the practice of which
17 Plaintiff complains is Defendants' failure to disclose how hazardous the fireplace was, and that
18 occurred when Plaintiff purchased the fireplace, his claim is barred by the statute of limitations.
19 However, because the question of the applicability of the delayed discovery rule is unsettled, it is not
20 properly resolved on a motion to dismiss.

21 The applicability of the delayed discovery rule in UCL actions is also unsettled. Compare
22 Karl Storz Endoscopy America, Inc. v. Surgical Technologies, Inc., 285 F.3d 848, 857 (9th Cir.
23 2002) ("Storz's claims under California Business and Professions Code § 17200 et seq. are subject to
24 a four-year statute of limitations which began to run on the date the cause of action accrued, not on
25 the date of discovery."), with Broberg v. The Guardian Life Ins. Co. of Am., 171 Cal.App.4th 912,
26 920-21 (2009) ("At least in the context of unfair competition claims based on the defendant's
27 allegedly deceptive marketing materials and sales practices, which is simply a different legal theory
28 for challenging fraudulent conduct and where the harm from the unfair conduct will not reasonably

5

be discovered until a future date, we believe the better view is that the time to file a section 17200 cause of action starts to run only when a reasonable person would have discovered the factual basis for a claim."). Thus, although Plaintiff's proposed class may encompass some time-barred claims because it does not include a time limit on the class, the issue of whether the delayed discovery rule applies to UCL claims is not appropriately resolved on a motion to dismiss.

**3.     CLRA notice requirements**

Under the CLRA, a consumer must provide notice as follows:

> (a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:
> (1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770.
> (2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of Section 1770.
> The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California.

Cal. Civil Code § 1782(a). The CLRA's notice requirement is not jurisdictional, but compliance with the requirement is necessary to state a claim. Outboard Marine Corp. v. Superior Court, 52 Cal. App. 3d 30, 40-41 (1975). "[T]he clear intent of the [CLRA] is to provide and facilitate pre-complaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished." Id. at 41; Laster v. T-Mobile USA, Inc., 407 F. Supp. 2d 1181, 1195-96 (S.D. Cal. 2005) (describing statutory policy of fostering early settlement of disputes). A "literal application of the notice provisions" is the only way to accomplish the CLRA's purposes. Outboard Marine, 52 Cal. App. 3d at 41. An action for injunctive relief under section 1770 may be commenced without compliance with the notice requirements. Keilholtz v. Superior Fireplace Co., 2009 U.S. Dist. LEXIS 30732 at * 6-7 (N.D. Cal. Mar. 30, 2009). If a complaint seeks only injunctive relief, not less than thirty days after it has been filed and, after compliance with the thirty day notice requirement under section 1782(a), the consumer may amend the complaint without leave of the court to include a request for damages. Keilholtz, 2009 U.S. Dist. LEXIS 30732 at * 7; Cal. Civ. Code § 1782(d).

Here, Plaintiff's initial complaint was filed on May 2, 2011 and contained the following allegation:

> Notice in accordance with Cal. Civil Code § 1782 has been delivered by certified mail to the principal place of business for each Defendant. Upon the expiration of thirty days from the service of that notice, plaintiff will amend this complaint to state a claim for damages in the event compliance with the requirements of the notice is not undertaken as required by Cal. Civil Code § 1782(c) by defendants, and each of them.

Initial Compl. ¶ 45. The initial complaint contains a request for damages. Initial Compl. ¶ 49 ("As a result of the violations of the Consumer Legal Remedies Act engaged in by the defendants, the class is entitled to injunctive relief, monetary and punitive damages, and an award of attorney's fees.").

The first amended complaint, which was filed on June 21, 2011, contained a similar allegation:

> Notice in accordance with Cal. Civil Code §1782 has been delivered by certified mail in accordance with the requirements of the CLRA. Thirty (30) days from the service of that notice has expired without the demanded and/or any corrective action having been taken by defendants, or any of them.

First Am. Compl. ¶ 45. The first amended complaint also contained a request for damages for violation of the CLRA. First Am. Compl. ¶ 49 ("As a result of the violations of the Consumers Legal Remedies Act engaged in by Defendants, the CLASS is entitled to injunctive relief, monetary and punitive damages, and an award of attorneys' fees."). The second amended complaint states:

> Notice in accordance with Cal. Civil Code § 1782 has been delivered by certified mail in accordance with the requirements of the CLRA. Thirty days from the service of that notice has expired. Defendant Miles only has responded to the notice by letter dated July 3, 2011, purporting to set forth a proposed future plan of corrective action relating to some of their hazardous fireplaces. Defendant Miles' response in inadequate by its terms, inter alia, given it provides no showing that the vast majority of affected consumers will receive notice, no showing that the barrier guards and warnings referenced are adequate and/or a reasonable response in light of the serious safety hazard posed, and no representation that Miles has or will within a reasonable time cease to engage in the conduct alleged in plaintiff's CLRA notice, and thus fails to comply with the requirements set forth in Cal. Civil Code section 1782(c)(1)-(4).

Second Am. Compl. ¶ 45. Plaintiff also seeks monetary damages in the second amended complaint and in the prayer for relief. Second Am. Compl. ¶ 49 ("As a result of the violations of the Consumers Legal Remedies Act engaged in by Defendants, the class is entitled to injunctive relief, monetary and punitive damages, and an award of attorney's fees.").

Despite Plaintiff's allegations, it is undisputed that the CLRA notice from Plaintiff was not sent until June 3, 2011 (Dyer Decl. Ex. A), after the initial complaint was filed. Further, thirty days from the date of the notice had not expired by the time of the first amended complaint, even though

7

the first amended complaint stated that the thirty days had expired. Plaintiff's counsel filed a declaration stating that he was mistaken about the date of the CLRA notice and believed that it was sent out on May 14, 2011. Wolden Decl. ¶ 2. When counsel became aware from Defendant's July 3, 2011 response to the June 3, 2011 notice that the notice did not go out until June 3, he filed the second amended complaint. Id.

Some courts have dismissed CLRA damages claims with prejudice for filing a premature complaint before the notice was sent. See, e.g., Cattie v. Wal-Mart Stores, Inc., 504 F.Supp.2d 939 (S.D. Cal. 2007) ("Here, there is no dispute Plaintiff first claimed for damages, then gave notice, then amended her complaint, more than thirty days after giving notice. . . . Permitting Plaintiff to seek damages first and then later, in the midst of a lawsuit, give notice and amend would destroy the notice requirement's utility, and undermine the possibility of early settlement. Here, Plaintiff claimed damages without giving Defendants the statutorily required opportunity for settlement. On the basis of conceded facts, it is clear Plaintiff cannot cure this deficiency by amendment. The Court follows Laster and Von Grabe in concluding Plaintiff's claim for damages under the CLRA must be dismissed with prejudice."); Laster v. T-Mobile USA, Inc., 407 F.Supp.2d 1181 (S.D. Cal. 2005) ("Plaintiffs conceded that they failed to comply with the thirty day notice requirement set forth in § 1782, and through a separate filing have requested leave of court to 'strike the premature allegation of damages without waiver and without prejudice based upon inadvertence and excusable neglect of counsel.' . . . Strict adherence to the statute's notice provision is required to accomplish the Act's goals of expeditious remediation before litigation. Because Plaintiffs failed to provide notice to Defendants pursuant to § 1782(a), their claim for damages under the CLRA must be dismissed with prejudice."); Von Grabe v. Sprint PCS, 312 F.Supp.2d 1285 (S.D. Cal. 2003) ("Here, Plaintiff failed to meet this notice requirement. Plaintiff did not allege in the First Amended Complaint that it had given Defendant proper notice under the CLRA. Furthermore, the correspondence, which Plaintiff argues is sufficient under the Act, was not timely, was not delivered in the proper fashion, and made no mention of § 1770 or any specific violations thereof. The other forms of "notice," all part of the post-complaint litigation process, do not satisfy the requirements of § 1782. As such, Plaintiff's actions do not constitute sufficient "notice" under § 1782 of the CLRA, and this Court FINDS,

therefore, that Plaintiff failed to sufficiently state a claim under CLRA and thus GRANTS Defendant's Motion to Dismiss the several causes of action under the CLRA, with prejudice."). \

However, at least one other court has opined that providing leave to amend is the proper remedy where a plaintiff files a complaint for damages for violation of the CLRA before sending notice under section 1782. See, e.g., Sanbrook v. Office Depot, Inc., 2008 WL 1994884 (N.D. Cal. 2008) (not reaching the question of whether the failure to send notice before filing a complaint for damages was fatal to the CLRA claim, but stating: "However, in a well-reasoned case from this district, wherein the complaint asserted injunctive relief and alluded to a request for damages, the court stated, 'Given that the legislature specifically contemplated that an action seeking injunctions can be amended to include a damages claim after the thirty days have run, the goal of the legislature would best be served by allowing amendment in the circumstances of this case.'") (quoting Deitz v. Comcast Corp., 2006 WL 3782902 at *6 (N.D. Cal. Dec. 21, 2006)).  In Deitz, the court stated:

> California Civil Code Section 1782 has two provisions pertinent here. The thirty-day notice provision is a prerequisite to a suit for damages but not for injunctions. Cal. Civ.Code § 1782(a), (b). An injunction action, however, may be amended thirty days after compliance with the notice provision to add a claim for damages. Cal. Civ.Code § 1782(d).
>
> The complaint here alludes to damages. That will be stricken as premature under Sections 1782(a) and (b). The stricken pleading is Paragraph 92 in the complaint. This is without prejudice to an amendment adding similar allegations back in once plaintiff is able to show compliance with Section 1782(d) and the thirty-day period. This is not a summary judgment ruling because it is made on the face of the pleading. This is a simple motion to dismiss or to strike allegations premature under Section 1782. Consequently, the Rule 56(f) motion to seek discovery is deemed as moot (and would have been directed at a point of little relevance to all events).
>
> The Court is aware that Judge Sabraw of the Southern District of California has dismissed a Section 1782 claim with prejudice where the complaint requested damages prematurely. See Laster v. T-Mobile USA, Inc., 407 F.Supp.2d 1181 (S.D.Cal.2005). The undersigned believes this draconian sanction is unwarranted. Given that the legislature specifically contemplated that an action seeking injunctions can be amended to include a damages claim after the thirty days have run, the goal of the legislature would best be served by allowing amendment in the circumstances of this case. There are other disciplinary ways to deal with any willful disregard of the law, such as attorney's fees awards to name just one.

Deitz v. Comcast Corp., 2006 WL 3782902 at *5-6.

The Court agrees with the reasoning in Deitz. Plaintiff's counsel has filed a declaration stating that he made an administrative mistake regarding the date of the letter and that he believed that the notice letter was sent in May. The Court finds no reason to disbelieve that Plaintiff's counsel

9

made an innocent mistake. Further, the issue of notice is moot now that Plaintiff has filed a second amended complaint after Defendant timely responded to the notice. Thus, Defendant's motion to dismiss the CLRA complaint based on the notice is denied.

**4.     Reliance pursuant to Rule 9(b)**

Defendant argues that Plaintiff has failed to plead reliance, which is an element of both the CLRA and UCL claims. Plaintiff's complaint alleges that:

> Were it not for the unfair competition of Defendants, the class would not have purchased homes and residences within which the hazardous fireplaces had been installed or would not have installed hazardous fireplaces in their homes.

Second Am. Compl. ¶¶ 37, 43. Further, Plaintiff alleges that: "Given its appearance and design, and lack of appropriate warnings, Plaintiff, class members and consumers simply did not and cannot reasonably expect that this appliance could be capable of causing any severe injuries and burns." Id. ¶ 28. Also, Plaintiff alleges that: "Class Members who purchase these new homes have no reasonable or objective expectation that the hazardous fireplaces, placed in family areas low enough to be touched by infants and small children and resembling many other home appliances known to generate heat—yet safe to touch, would be anywhere near as dangerous as they are." Id. ¶ 29. Finally, Plaintiff alleges that:

> Defendants, individually and collectively, were and remain obligated to disclose the hazard associated with the fireplaces because of the public's reasonable expectation that the fireplaces would not under normal and expected use heat up on the exposed glass sealed front to temperatures well in excess to inflict third degree burns and other catastrophic injuries on persons by simply inadvertently contacting the surface of the glass front for a moment.

Id. ¶ 34. Plaintiff also alleges that Defendants had knowledge of the defects in the fireplace. Id. ¶¶ 15-26.

Plaintiff points out that Defendant had a duty to disclose these product characteristics because Defendant had exclusive knowledge of material facts not known to Plaintiff and because Defendant actively concealed a material fact from Plaintiff. See Falk v. General Motors, 496 F. Supp. 2d 1088, 1094-95 (N.D. Cal. 2007) ("A failure to disclose or concealment can constitute actionable fraud in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the

10

defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact."). "Materiality, for CLRA claims, is judged by the effect on a 'reasonable consumer.'" Id. at 1095. Plaintiff argues that the safety defect alleged here would be material to a reasonable consumer. See Falk, 496 F. Supp. 2d at 1096-97 ("Since, as plaintiffs argue, GM 'was in a superior position to know' that its speedometers might fail, plaintiffs successfully state a CLRA claim for omission of a material fact which lay within GM's exclusive knowledge.").

Defendant argues that Falk is inapposite because there, the court held that the adequacy of the plaintiff's pleading that the possibility of a failed speedometer would be material to a reasonable consumer was based on common sense and on the plaintiff's specific pleading to support that conclusion. Here, Defendant argues that Plaintiff's pleading here does not pass the common sense test because common sense is that a glass-front fireplace is going to get hot. However, Plaintiff's allegations are that he did not know how hot it would get and that he relied on the appearance of the fireplace and the lack of warnings in his belief that the fireplace would not cause severe injuries. Thus, Plaintiff has adequately stated facts regarding Defendant's duty to disclose, the materiality of the omission and reliance. Defendant's motion to dismiss based on this issue is denied.

### 5. Standing under the UCL

"To satisfy the narrower standing requirements imposed by Proposition 64, a party must now (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." Kwikset Corp. v. Superior Court, 51 Cal.4th 310, 322 (2011).

Plaintiff alleges that:

> The members of the class have and will continue to suffer injury in fact and lose money as a direct result of Defendants' unfair competition in that each has expended money to purchase residences incorporating hazardous fireplaces or to purchase hazardous fireplaces, and have or will be caused to expend money, including but not limited to money to remove the fireplaces from their homes and other residences they purchased and own, retrofit same for safe use and/or replace.

Second Am. Compl. ¶ 38, 44. Thus, Plaintiff has adequately alleged standing under Kwikset.

11

1 Defendant's motion to dismiss based on this issue is denied.

**6. Fraud**

In actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), the complaint must allege specific facts setting forth the circumstances which constitute the fraud. In re GlenFed Sec. Litig., 42 F.3d 1541, 1547-49 (9th Cir.1994) (en banc) (superseded by statute on other grounds). "To allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." Id. at 1548.

Here, Defendant argues that Plaintiff has failed to comply with the particularity requirements for fraud under Federal Rule of Civil Procedure 9(b). However, Plaintiff has adequately alleged fraud because Plaintiff alleges that Defendant had a duty to disclose material facts about the dangerousness of the fireplaces (Second Am. Compl. ¶¶ 19-26, 34), that Defendant failed to disclose those facts (Id.) and Plaintiff relied on the omission (Second Am. Compl. ¶¶ 37, 43). Defendant's motion to dismiss based on this issue is denied.

**7. Unjust enrichment**

Some courts have found that there is no claim for unjust enrichment in California, rather it is an equitable remedy. See Melchior v. New Line Productions, Inc., 106 Cal. App.4th 779, 793 (2003) ("In addition, as the trial court observed, there is no cause of action in California for unjust enrichment."); see also MC Tech., Inc. v. Oracle Corp., 2010 WL 1576686, at *4 (N.D. Cal. April 19, 2010) ("Of these conflicting interpretations, the better view is that unjust enrichment represents a form of relief rather than an independent claim"); Hafiz v. Greenpoint Mortgage Funding, 652 F. Supp. 2d 1039 (N.D. Cal. 2009) ("Unjust enrichment, also known as restitution, is not a theory of recovery but is instead a result thereof."); Jogani v. Superior Court, 165 Cal.App.4th 901, 911 (2008) ("As Jogani concedes, however, unjust enrichment is not a cause of action. Rather, it is a general principle underlying various doctrines and remedies, including quasi-contract.") (citing Melchior, 106

12

Cal.App.4th at 793). Some courts have found that unjust enrichment is a separate claim. See, e.g., Keilholtz, 268 F.R.D. at 343 (certifying national class of unjust enrichment claims in case involving gas front fireplaces); Nordberg v. Trilegiant Corp., 445 F.Supp.2d 1082, 1099-1100 (N.D. Cal. 2006) (rejecting motion to dismiss unjust enrichment claim because "for the most part, courts finding that California does not allow an 'unjust enrichment' cause of action have made essentially semantic arguments");

Plaintiff appears to concede that his unjust enrichment claim is one for restitution, which requires pleading of a receipt of a benefit and the unjust retention of a benefit at the expense of another. See Reyes v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 2235 at *53-54 (N.D. Cal. 2011). Defendant argues that Plaintiff has not alleged a corresponding gain to Defendant to satisfy the pleading requirement for restitution. However, Plaintiff's complaint alleges that Defendants have been unjustly enriched because they received money for the fireplaces. Second Am. Compl. ¶ 52. Thus, Defendant's motion to dismiss based on this ground is denied.

**Conclusion**

Accordingly, Defendant's Motion to Dismiss is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated: December 13, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge