CARTER WOLDEN CURTIS, LLP
Kirk J. Wolden (SBN 149621)
1111 Exposition Blvd., Suite 602
Sacramento, CA 95825
Tel: (916) 204-2511
Email: kirk@cwclawfirm.com

RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
Michael F. Ram (SBN 104805)
Karl Olson (SBN 104760)
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Tel: (415) 433-4949
Fax: (415) 433-7311
Email: mram@rocklawcal.com
Email: kolson@rocklawcal.com

F. Jerome Tapley (ASB-0583-A56T)
Hirlye R. "Ryan" Lutz, III (ASB-6641-E59L)
CORY WATSON CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue
Birmingham, AL 35205
Tel: (205) 328-2200
Fax: (205) 324-7896
Email: jtapley@cwcd.com
Email: rlutz@cwcd.com

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLENE ROTANDI, and EDHI ROTANDI, individually and on behalf of those similarly situated,<br><br>　　　　Plaintiffs<br><br>　　v.<br><br>MILES INDUSTRIES LTD.,<br><br>　　　　Defendant. | No. C11-02146 EDL<br><br>**[PROPOSED] ORDER (1) CERTIFYING CLASS (2) GRANTING PRELIMINARY APPROVAL (3) PROVIDING FOR NOTICE AND (4) SETTING SCHEDULE FOR FINAL APPROVAL** AS MODIFIED |

1   WHEREAS, the Plaintiffs moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order (the "Preliminary Approval Order") to (i) certify a Settlement Class; (ii) preliminarily approve a Settlement, in accordance with the Amended Stipulation and Agreement of Settlement dated August 13, 2013 ("Amended Settlement Agreement"); (iii) approve notice for dissemination to the members of the Settlement Class; and (iv) set a schedule for determination of whether the proposed Settlement should be finally approved.

WHEREAS, this Preliminary Approval Order incorporates by reference the definitions in the Amended Settlement Agreement, and all capitalized terms contained in this Preliminary Approval Order shall have the same meanings as set forth in the Amended Settlement Agreement (in addition to those capitalized terms defined in this order); and

WHEREAS, the Court, having considered the papers filed in support of the Amended Agreed Motion for Preliminary Approval of Settlement, including without limitation the Amended Settlement Agreement, and having reviewed the evidence, including without limitation the declarations submitted, and having heard the arguments at the preliminary approval hearing:

NOW THEREFORE, IT IS HEREBY ORDERED:

1.  The Court has subject matter jurisdiction over this action, including all matters necessary to effectuate the Settlement, pursuant to 28 U.S.C. §1332(d).

2.  The Court preliminarily certifies, for settlement purposes only, the following Settlement Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, as defined in this paragraph 3 (a)-(e).

    a)  The proposed Settlement Class means all consumers who are residents of the United States and who own homes or other residential dwellings in which at least one glass-fronted fireplace, manufactured and distributed by Miles Industries, Ltd. of North Vancouver, Canada between January 1, 2007, through December 31, 2012, was installed from January 1, 2007, through the date of the Preliminary Approval Order of Class Action Settlement. The Settlement Class will close as of the date of the Order of Preliminary Approval.

    b)  Excluded from this Class are: (1) the judge to whom this case is assigned and any member of the judge's immediate family; (2) the lawyers in this case and any member of

their immediate families; (3) the Mediator (the Honorable Edward Infante) and any member of his immediate family; and (4) anyone who suffered personal injury related to the Defendant's fireplaces.

3. The Court appoints the following Plaintiffs to serve as representatives of the Settlement Class ("Class Representative"): Charlene Rotandi and Edhi Rotandi. The Court appoints the following lawyers to serve as counsel for the Settlement Class ("Class Counsel"): Kirk Wolden, Michael Ram, Jerome Tapley and Hirlye "Ryan" Lutz.

4. This Court further preliminary finds and concludes that:

    a) joinder of all members of the Settlement Class in a single proceeding would be impracticable, if not impossible, because of their number and dispersion;

    b) no conflict exists between the Class Representatives or Class Counsel and the Settlement Class;

    c) the Class Representatives and Class Counsel are adequate representatives for the Settlement Class;

    d) the Class Representatives' claims are typical of the Settlement Class;

    e) the Class Representatives are members of the Settlement Class and have claims representative of the claims and defenses presented in this case;

    f) commonality is satisfied in this case for settlement purposes as a number of common issues exist among members of the Settlement Class;

    g) common issues predominate over individual issues in the context of settlement; and

    h) certification of an agreed-upon Settlement Class is a superior mechanism for resolving these claims.

5. Subject to further consideration at the Settlement Approval Hearing described below, the Court preliminarily approves the Amended Settlement Agreement. The Parties entered into the Amended Settlement Agreement in good faith following arms-length negotiation by Counsel, including mediation sessions with the Honorable Edward Infante, retired Chief Magistrate Judge of the U.S. District Court, Northern District of California.

6. The Court appoints Matthew E. Pohl as the Notice Expert for the Settlement Class, who will administer the Notice Plan in accordance with the Amended Settlement Agreement.

7. The Court finds that the proposed long-form and summary notices attached as Exhibits "A-1" and "A-2 to this Preliminary Approval Order ("Notices")", and the Notice and Class Administration Plans attached respectively as Exhibits "A" and "B" to this Preliminary Approval Order fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, and provide for the best notice practicable under the circumstances. The Court further gives its approval to the form, content and disseminating procedures for the Notices to the Settlement Class as set forth in the Notice Plan, which shall include the following, without limitation:

a) Not later than thirty days following entry of this Preliminary Approval Order or as soon thereafter as practicable, the Notice Expert shall cause a copy of the long-form notice, substantially in the form annexed as Exhibit "A-1" to be delivered by first class mail to each person Defendant has identified on the list transmitted to Plaintiffs' Counsel on or before July 15, 2013;

b) Within fourteen days of the mailing of direct notice, the Notice Expert shall cause a copy of the summary notice, substantially in the form annexed as Exhibit "A-2" to this Preliminary Approval Order, to be published through paid media via publications targeting geographic regions where there is a significant concentration of Class-related fireplaces sold to unknown Class Members as detailed in the Notice Plan;

d) The Notices will contain information directing the readers to a website and toll-free telephone line that will provide information concerning the Settlement, including, if desired, copies of the Notices.

8. At least seventy-five (75) days before the Settlement Approval Hearing, Class Counsel will file with the Court any and all applications for the award of attorneys' fees and expenses.

9. At least seven (7) days before the Settlement Approval Hearing, the Notice Expert will file proof with the Court (by an appropriate declaration) providing the required notification to

No. C11-02146 EDL – [PROPOSED] ORDER (1) CERTIFYING CLASS (2) GRANTING PRELIMINARY APPROVAL (3) PROVIDING FOR NOTICE AND (4) SETTING SCHEDULE FOR FINAL APPROVAL        4

the Settlement Class.

10. Defendant has properly and timely notified the appropriate state and federal officials of the Settlement, as required by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the Defendant's CAFA notices and accompanying materials, and finds that they complied with the applicable requirements of CAFA. Defendant also provided a copy of these submissions to Class Counsel.

11. The Court appoints Class Action Administration, Inc., as the Settlement Administrator, who will administer the Claims Administration Plan in accordance with the Amended Settlement Agreement.

12. Any member of the Settlement Class shall have the right to opt out of the Settlement Class by sending a written request for exclusion from the Settlement Class to the address listed in the long form notice, postmarked no later than forty-five (45) days prior to the Settlement Approval Hearing. To be effective, the request for exclusion must (a) include the Person's statement indicating the desire to be excluded from the Settlement in *Rotandi v. Miles Industries Ltd.* and (b) fully comply with the requirements for exclusion set forth in the Claims Administration Plan. Within fourteen (14) days after the Court-ordered deadline for timely and properly opting out from the Settlement Class, but in no event later than seven (7) calendar days before the Settlement Approval Hearing, the Settlement Administrator shall provide to the Court and Parties' Counsel the names and addresses of the Persons who timely and properly opted out of the Settlement Class, as well as the total number of such Persons.

13. The Court will exclude from the Settlement Class those who timely and validly request exclusion in substantial compliance with the requirements of this Preliminary Approval Order and the Claims Administration Plan. If a timely and valid request for exclusion is made by a member of the Settlement Class, then that member will not be entitled to participate in the Settlement and cannot object to the Settlement. In the event the Settlement is finally approved, all members of the Settlement Class (whether or not he/she or it submits a valid Claim Form) who have not validly excluded themselves from the Settlement Class shall be bound by all determinations and judgments concerning the Amended Settlement Agreement and the Settlement

contemplated thereby.

14. A Settlement Approval Hearing shall be held before this Court on December 10, 2013 at 9:00 a m. at 450 Golden Gate Avenue, Courtroom E, 15th Floor to determine whether the Settlement on the terms and conditions provided for in the Amended Settlement Agreement is fair, reasonable and adequate to the Settlement Class and should be finally approved by the Court; whether the Judgment and Order of Dismissal as provided for by terms of the Amended Settlement Agreement should be entered, and to determine the amount of fees and expenses that should be awarded to Class Counsel. The date and time of the Settlement Approval Hearing shall be set forth in the Notices attached hereto as Exhibits "A1"and "A2". A motion for Final Approval of Settlement shall be filed no later than November 5, 2013.

15. Any member of the Settlement Class may object to the Settlement if he/she or it has any reason why the Settlement should not be approved as fair, reasonable and adequate, or why the Judgment and Order of Dismissal should not be entered. Any member of the Settlement Class may also object if he/she or it has any reason why attorneys' fees and expenses should not be awarded to Class Counsel. In either event, however, unless otherwise ordered by the Court, any objector must, at least forty-five (45) days prior to the Settlement Approval Hearing, (a) prepare and file a written objection, including the basis therefore, and any supporting written or documentary materials and (b) fully comply with the requirements for objections set forth in the Claims Administration Plan. All of the required information and materials must be filed (by hand or first class mail) with the Clerk of the United States District Court of the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102 and served (by first class mail) on the Settlement Administrator of the Miles Industries Settlement at Miles Fireplace Settlement Administrator, c/o Class Action Administration, Inc., P.O. Box 6878, Broomfield, CO 80021. The Settlement Administrator shall promptly, and in any event within two business days after receipt, provide copies of such written objections and materials to the Parties' Counsel. Any member of the Settlement Class who does not make his, her or its objection in the manner provided in this Preliminary Approval Order and the Claims Administration Plan shall be deemed to have waived such objection and shall forever be foreclosed from making any objection

1  to the fairness, reasonableness or adequacy of the Settlement as incorporated in the Amended
2  Settlement Agreement and to the award of attorneys' fees and expenses to Class Counsel, but shall
3  otherwise be bound by the Judgment and Order of Dismissal to be entered and the releases to be
4  given.

5        16.    If a member of the Settlement Class wishes to appear at the Settlement Approval
6  Hearing either in person or through counsel, the Person must file with the Clerk of the Court and
7  serve upon the Settlement Administrator (at the addresses in the paragraph above) a Notice of
8  Intention to Appear, postmarked no later than fourteen (14) days before the Settlement Approval
9  Hearing. The Notice of Intention to Appear must include copies of any papers, exhibits, or other
10 evidence or information the member of the Settlement Class and/or his or her counsel will present
11 to the Court at the Settlement Approval Hearing, along with all other information required by the
12 Claims Administration Plan for Notices of Intention to Appear. Any member of the Settlement
13 Class and/or his or her attorney who does not file a timely Notice of Intention to Appear in
14 accordance with the Claims Administration Plan may be foreclosed from speaking at the
15 Settlement Approval Hearing.

19       IT IS SO ORDERED.
20 Dated: August 16, 2013

                                                              *[Signature]*
Hon. Elizabeth D. Laporte
Magistrate Judge, United States District Court