1  CARTER WOLDEN CURTIS, LLP
   Kirk J. Wolden (SBN 149621)
2  1111 Exposition Blvd., Suite 602
   Sacramento, CA  95825
3  Tel:  (916) 204-2511
   Email:  kirk@cwclawfirm.com
4
   RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
5  Michael F. Ram (SBN 104805)
   Karl Olson (SBN 104760)
6  555 Montgomery Street, Suite 820
   San Francisco, CA  94111
7  Tel:  (415) 433-4949
   Fax:  (415) 433-7311
8  Email:  mram@rocklawcal.com
   Email:  kolson@rocklawcal.com
9
   F. Jerome Tapley (*Pro Hac Vice*)
10 Hirlye R. "Ryan" Lutz, III (*Pro Hac Vice*)
   CORY WATSON CROWDER & DEGARIS, P.C.
11 2131 Magnolia Avenue
   Birmingham, AL 35205
12 Tel:  (205) 328-2200
   Fax: (205) 324-7896
13 Email:  jtapley@cwcd.com
   Email:  rlutz@cwcd.com
14
   *Attorneys for Plaintiffs and the Class*
15
                 **UNITED STATES DISTRICT COURT**
16               **NORTHERN DISTRICT OF CALIFORNIA**
                 **SAN FRANCISCO DIVISION**
17

18 CHARLENE ROTANDI and EDHI          No. C11-02146 EDL
   ROTANDI, individually and on behalf of
   those similarly situated,          **ORDER GRANTING FINAL APPROVAL**
19                                     **OF CLASS ACTION SETTLEMENT;**
                   Plaintiffs,        **FINAL JUDGMENT AND ORDER OF**
20                                     **DISMISSAL**
          v.
21
   MILES INDUSTRIES LTD.,             Date:      December 10, 2013
22                                     Time:      9:00 a.m.
                   Defendant.          Place:     Courtroom E, 15th Floor
23                                                [Hon. Elizabeth D. Laporte]
                                                  450 Golden Gate Avenue
24                                                San Francisco, CA

25

26        This matter came before the Court for hearing pursuant to the Order of this Court, dated

27 August 16, 2013 (the "Preliminary Approval Order"), and on the application of the Plaintiffs for

28 a judgment finally approving the Settlement that is set forth in the amended settlement agreement

---

1   dated as of August 13, 2013 (collectively, including the exhibits, the "Settlement Agreement").

2   Due and adequate notice having been given to the Settlement Class as required in the Preliminary

3   Approval Order, and the Court having considered all papers filed and proceedings had for this

4   matter and otherwise being fully informed in the premises and good cause appearing therefore, IT

5   IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

6        1.   This Judgment and Order of Dismissal incorporates by reference the Preliminary

7   Approval Order.  This Judgment and Order of Dismissal further incorporates by reference the

8   definitions in the Settlement Agreement, and all capitalized terms contained in this Judgment and

9   Order of Dismissal shall have the same meanings as set forth in the Settlement Agreement (in

10  addition to those capitalized terms defined in this judgment).

11       2.   The Court has subject matter jurisdiction over this Action, including all matters

12  necessary to effectuate the Settlement pursuant to 28 U.S.C. § 1332(d).

13       3.   For purposes of effectuating this Settlement only, the Court hereby orders final

14  certification of the Settlement Class, having found that the requirements of Rule 23 of the Federal

15  Rules of Civil Procedure are met. The Settlement Class is defined as follows:

16         All consumers who are residents of the United States and who own homes or
17         other residential dwellings in which at least one glass-fronted fireplace,
           manufactured and distributed by Miles Industries, Ltd of North Vancouver,
18         Canada between January 1, 2007, through December 31, 2012 was installed from
           January 1, 2007, through August 16, 2013. The Settlement Class closed as of
19         August 16, 2013. Excluded from this class are: (1) the judge to whom this case is
           assigned and any member of the judge's immediate family; (2) the lawyers in this
20         case and any member of their immediate families; (3) the Mediator and any
           member of his immediate family; and (4) anyone who suffered personal injury
21         related to the Defendant's fireplaces.

22       4.   A list of those Persons who timely and validly filed requests for exclusion from

23  the Settlement Class is attached as Exhibit "1" to this Judgment and Order of Dismissal and

24  incorporated by reference as though fully set forth in this Judgment and Order of Dismissal.  The

25  Persons appearing on Exhibit "1" shall not be members of the Settlement Class and shall have no

26  right to receive any Class Settlement Consideration.  Each member of the Settlement Class

27  (whether or not he or she submits a valid Claim Form) who has not validly excluded him or

28  herself from the Settlement Class shall be bound by all determinations and judgments concerning

1  the Settlement Agreement and the Settlement contemplated thereby.

2       5.      The Court appoints Edhi Rotandi and Charlene Rotandi to serve as representatives

3  of the Settlement Class ("Class Representatives"). The Court appoints the following lawyers to

4  serve as counsel for the Settlement Class ("Class Counsel"): Kirk J. Wolden, Michael F. Ram, F.

5  Jerome Tapley, and Hirlye R. "Ryan" Lutz III.

6       6.      Solely for the purposes of effectuating the Settlement, with respect to the

7  Settlement Class and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court

8  further finds and concludes that:

9       a.   joinder of all members of the Settlement Class in a single proceeding would

10           be impracticable, if not impossible, because of their number and dispersion;

11      b.   no conflict exists between the Class Representatives or Class Counsel and

12           the Settlement Class;

13      c.   the Class Representatives and Class Counsel are adequate representatives of

14           the Settlement Class;

15      d.   the Class Representatives' claims are typical of the Settlement Class;

16      e.   the Class Representatives are members of the Settlement Class and have

17           claims representative of the claims and defenses presented in this case;

18      f.   commonality is satisfied in this case for settlement purposes as a number of

19           common issues exist among members of the Settlement Class;

20      g.   common issues predominate over individual issues in the context of

21           settlement; and

22      h.   certification of an agreed-upon settlement class is a superior mechanism for

23           resolving these claims.

24      7.      Notice has been provided to the Settlement Class of the pendency of the Action,

25  the conditional certification of the Settlement Class for purposes of this Settlement, and the

26  preliminary approval of the Settlement Agreement and the Settlement contemplated thereby. The

27  Court finds that the notice and the related Notice Plan provided for the best notice practicable

28  under the circumstances to all Persons entitled to such notice and fully satisfied the requirements

of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure and the requirements of due process.

8.      Defendant has complied with the applicable requirements of the Class Action Fairness Act of 2005, including timely notice of the Settlement Agreement to the appropriate state and federal officials and the provision of other required information under 28 U.S.C. § 1715.  The Court did not receive any expression of concern or objection to the Settlement or its terms from any state or federal official having received such notice.

9.      The Court finds that the proposed Claims Administration Plan fairly and adequately addresses the matters of settlement administration, claims submission and distribution of the Class Settlement Consideration to Authorized Claimants.  To become an Authorized Claimant to the Class Settlement Consideration, a member of the Settlement Class must submit a claim in the manner set forth in the instructions accompanying the Claim Form.  Defendant will make distributions of the Class Settlement Consideration to Authorized Claimants in accordance with the Claims Administration Plan and the Settlement Agreement.

10.     All members of the Settlement Class whose claims are not approved (including without limitation, anyone who does not submit a Claim Form by the end of the Claims Period) will be barred from participating in the distribution of Class Settlement Consideration, but in all other respects will be bound by all of the terms of the Settlement Agreement and the terms of this Judgment and Order of Dismissal, including without limitation, the releases provided for in the Settlement Agreement and in this order, and will be barred from bringing or prosecuting any action against the Released Parties concerning the Released Claims.

11.     The Court has considered and hereby overrules all objections by members of the Settlement Class, and finds they are no impediment to approval of the Settlement.  The Court notes that no objectors gave notice of their intention to appear at the final Settlement Approval Hearing on December 10, 2013, and none attended.

12.     The Court finds that the Settlement Agreement was arrived at in good faith following extensive arms-length negotiations between experienced  counsel, and the Settlement is fair, reasonable, and adequate as to all members of the Settlement Class within the meaning of Rule 23(e)(2) of the Federal Rules of Civil Procedure.  In reaching this conclusion, the Court has

considered all factors set forth in *Rodriguez v West Publ'g Corp,* 563 F.3d 948, 963 (9th Cir. 2009), *Staton v. Boeing Co.,* 327 F.3d 938, 959 (9th Cir. 2003).   Specifically, the Court has considered all the following factors and concluded that they support final approval of the Settlement: the strength of  Plaintiffs' case, the risk and complexity of further litigation, the risks of maintaining class status throughout the litigation, the substantial benefits offered to class members, the extent of discovery and the status of the proceedings at the time of settlement, the experience and views of counsel, the lack of settlement participation by those federal and state governmental entities placed on notice of the Settlement, and the Settlement Class Members' reaction.   There is a complete lack of any evidence of collusion, and the Court recognizes the participation of the mediator, Hon. Edward Infante (Ret.) whose own opinions regarding the settlement are reflected in his Declaration dated May 29, 2013.

13.    The Court therefore approves the Settlement Agreement and the Settlement contemplated thereby in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

14.    This Action, as well as all of the Released Claims, are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

15.    Upon the Effective Date, the Plaintiffs and the Settlement Class shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished and discharged the Released Parties from all Released Claims.

16.    Upon the Effective Date, the Defendant and the Released Parties shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, the Settlement Class and Plaintiffs' Counsel from all claims, known or unknown, based upon or arising out of the institution, prosecution, settlement or resolution of the Action or the Released Claims.

17.    Notwithstanding the above releases, (a) no Person participating in the Settlement as a member of the Settlement Class has released any Personal Injury Claim or any right to pursue any Personal Injury Claim in a separate litigation; and, (b) in no event will a Personal

1  Injury Claim be deemed to be barred by the release of the Released Claims under the doctrines of

2  res judicata, collateral estoppel, a bar against splitting of claims or otherwise.

3       18.    The Court further orders that: (a) all proceedings in the Action are stayed, other

4  than proceedings in furtherance of the Settlement and (b) all members of the Settlement Class

5  and all Persons acting or purporting to act on behalf of any members of the Settlement Class who

6  do not timely and properly opt out from the Settlement Class in accordance with the court-

7  ordered procedures are enjoined under the All Writs Act, 28 U.S.C. 1651, the Anti-Injunction

8  Act, 28U U.S.C. 2283, and Federal Rule of Civil Procedure 65, from commencing or prosecuting

9  any new action, suit, proceeding, claim, or cause of action (except those based in personal injury

10  or currently pending) in any jurisdiction, court or forum against a Released Party relating to or

11  arising out of the subject matter of the Action.

12       19.    Neither the Settlement Agreement nor the Settlement, nor any act performed or

13  document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement is

14  evidence, or an admission or concession by any Party, any Released Party, or any signatory to the

15  Settlement Agreement of any fault, liability or wrongdoing whatsoever, as to any facts or claims

16  alleged or asserted in this Action or any other actions or proceedings.  The Settlement Agreement

17  is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action or

18  any wrongdoing by Defendant or any damages or injury to any member of the Settlement Class.

19  Neither the Settlement Agreement, nor any of the terms and provisions of the Settlement

20  Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the

21  documents or statements referred to herein or therein, nor the Settlement, nor the fact of the

22  Settlement, nor the settlement proceedings, nor any statements in connection therewith: (a) will

23  (i) be argued to be, used or construed as, offered or received in evidence as, or otherwise

24  constitute an admission, concession, presumption, proof, evidence, or a finding of any liability,

25  fault, wrongdoing, injury, or damages or of any wrongful conduct, acts or omissions on the part

26  of any of the Released Parties, or of any infirmity of any defense, or of any damage to any

27  Plaintiff or member of the Settlement Class; or (ii) otherwise be used to create or give rise to any

28  inference or presumption against any of the Released Parties concerning any fact alleged or that

could have been alleged, or any claim asserted or that could have been asserted in the Action, or of any purported liability, fault, or wrongdoing of the Released Parties or of any injury or damages to any Person; or (b) otherwise be admissible, referred to our used in any proceeding of any nature, for any purpose whatsoever.  Provided, however, (c) the Settlement Agreement and/or Judgment and Order of Dismissal may be introduced in any proceeding as necessary to argue that the Settlement Agreement and/or Judgment and Order of Dismissal has res judicata, collateral estoppel or other issue or claim preclusion effect or to otherwise consummate or enforce the Settlement and/or Judgment and Order of Dismissal.

20.     The Court finds that an award of $1,890,000 for attorneys' fees and expenses, inclusive of $113,303.78 for reimbursable expenses, is fair and reasonable, and the Court further finds that an incentive award of $5,000 to each of Charlene and Edhi Rotandi is fair and reasonable compensation for their representation of the Class.

21.     Pursuant to the agreement of the Parties, the Court hereby severs the above Fee and Expense Award from this Judgment and Order of Dismissal so that it shall immediately become a separate and independent order and not part of this Judgment and Order of Dismissal.

22.     Without affecting the finality of this Judgment and Order of Dismissal in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and the Claims Administration Plan, including without limitation, administrative determinations of the Settlement Administrator accepting claims and any distributions of Class Settlement Consideration; (b) the payment of attorneys' fees and expenses; (c) the payment of the incentive award to the Class Representatives; and (d) all Parties and the Parties' Counsel for the purposes of consulting, enforcing, and administering the Settlement Agreement.

23.     If the Judgment and Order of Dismissal is reversed or modified in material part on or following appellate review, or if the Effective Date otherwise does not occur, then, in any such event, the Settlement Agreement (including any amendment(s)), the MOU (including any amendments(s)), this Judgment and Order of Dismissal, the Preliminary Approval Order, and all orders entered and releases delivered in connection with the Settlement, including without limitation the certification of the Settlement Class, shall be rendered null and void and of no

1   further force or effect, without prejudice to any Party, and may not be introduced at evidence or

2   referred to in any action or proceeding by any Person, and each Party will be restored to his, her

3   or its respective position as of the date of the execution of the MOU and they will proceed in all

4   respects as if the Settlement Agreement and MOU had not been executed and the related orders

5   had not been entered, and in that event all of their respective claims and defense as to any issue in

6   the Action will be preserved without prejudice in any way.

7          IT IS SO ORDERED.

8   Dated:   1/14/14

9

10  Hon. Chief Magistrate Judge Elizabeth D. Laporte
    United States District Court

11

12

13  APPROVED AS TO FORM:

14  _____

15  Kristen K. Preston (SBN 125455)
    kpreston@jonesdyer.com
16  JONES & DYER
    A Professional Corporation
17  1800 J Street
    Sacramento, CA 95811
18  Tel: (916) 552-5959
    Fax: (916) 442-5959
19  *Attorneys for Defendants*
20  *MILES INDUSTRIES, INC.*

21

22

23

24

25

26

27

28